IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Norma Jean Floyd,** | : | |
| Plaintiff, | : | Civil Action 2:08-cv-01029 |
| v. | : | Judge Smith |
| **Bob Lyman,** *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |
| | : | |

# ORDER

Plaintiff Norma Jean Floyd brings this action asserting claims for instant warrants of arrest, 49 counts to murder of her person, movie racketeering, economic espionage, worldwide character slander, use of biological weapons, use of combustibles and explosives, in addition to numerous other claims. This matter is before the Court on the Magistrate Judge's November 12, 2008 Initial Screening Report and Recommendation (doc. 3). The Magistrate Judge recommended that the complaint be dismissed because this Court lacks subject matter jurisdiction.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation.

The complaint names Bob Lyman, all employees of Columbus-Worthington Air, John D. Shupe, Elizabeth Grime, Clarence Kaufman, Bob Jones, Scott Robinson, Sarah Phillips, Allice Alluis, Dana Hanscel, Deborah Demsko, Office Wigg, Lt. Daughtery,

Willima L. Willis, Dimitrios G. Hatzifotinos, Michael J. Cassone, Justin Chapman, Anna Caldwell, Teresa Leach, Worthington Presbyterian Church, Ken Wright, Tiney McComb, Scott McComb, National Church Residences, Jerry Purtelbaugh, David Grant, Shirley McKnight, Anthony Thomas, Keith Urban, David Letterman, Ronald Gene Kennedy, Michael Floyd, and John Zidar.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Moreover, *pro se* prisoner complaints must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Plaintiff objects to the Report and Recommendation in the December 5, 2008 Nunc Pro Tunc October 31, 2008 to December 1, 2008 Ex Parte Common Law-At Law Demand for Bill of Revivor (doc. 8). Floyd argues that the Magistrate Judge failed to review documents in her support of her claim.

2

Analysis. The Magistrate Judge correctly concluded that the complaint does not satisfy the requirements of Rule 8(a), Federal Rules of Civil Procedure, that it "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Here, the complaint fails to allege the basis for this Court's subject matter jurisdiction.

The complaint also fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." as required by Rule 8(a)(2), Fed. R. Civ. P. The complaint fails to give defendants notice of plaintiff's claims against them. Indeed, it is not possible to determine exactly who plaintiff intends to name as defendants or what she believes each did to deprive her of her rights. Finally, many of the allegations in the complaint are delusional and wholly incredible. A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when, for example, a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke v. Williams*, 490 U.S. 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Lawler*, 898 F.2d at 1199. The complaint may not be dismissed as factually frivolous simply because the court finds

the plaintiff's claims unlikely or improbable. *Denton*, 504 U.S. at 33. Here, the complaint is legally frivolous.

Accordingly, the Court ADOPTS the Magistrate Judge's November 12, 2008 Initial Screening Report and Recommendation (doc. 3). This matter is hereby DISMISSED.

The Clerk of Court is DIRECTED to enter JUDGMENT for Defendants.

The Clerk shall further remove Document 3 from the Court's pending motions' list and remove this case from the Court's pending cases' list.

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**